[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In November of 1999, the plaintiffs, Matthew D. Castagna and Elizabeth W. Castagna, and the defendants, Meredy L. Van Syckle and Alexander F. CT Page 10904 Hamilton, entered into a contract for sale of the property known as 85 Sport Hill Road, Redding, Connecticut (the premises). In accordance with the contract for sale, the plaintiffs deposited $20,000 and an additional $2,000 into an escrow account controlled by the defendant, John D. Paul 
Associates, P.C. (the deposit). The plaintiffs move for partial summary judgment on the first and second counts of their complaint seeking recovery of their deposit against the defendants, Meredy L. Van Syckle, Alexander F. Hamilton and John D. Paul Associates, P.C. The plaintiffs also move for summary judgment on the defendants' counterclaim that alleges the deposit constitutes liquidated damages. Conversely, the defendants move for summary judgment on their counterclaim. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Wirt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
The court holds that the plaintiffs were not obligated to purchase the property because the defendants, Meredy L. Van Syckle and Alexander K Hamilton, could not deliver the premises subject to the conditions in the contract for sale. "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) TallmadgeBros, Inc. v. Iroquois Gas Transmission System, L.P., 252 Conn. 479,498, 746 A.2d 1277 (2000). Additionally, "[a] purchaser is not compelled to accept . . . a conveyance where there is a reasonable probability that he will be subjected to a lawsuit." Slattery v. Maykut, 176 Conn. 147,160, 405 A.2d 76 (1978).
Here, the contract for sale provides in relevant part: "The deed shall, convey to the Buyer marketable fee simple title in and to the premises subject only to the encumbrances and/or liens as set forth on Schedule A." On January 28, 2000, the defendants, Alexander F. Hamilton and Meredy L. Van Syckle, along with Scott and Karen Candee entered into an easement involving the premises that placed additional obligations on the owners of the premises.[1] In the contract for sale, the plaintiffs did not agree to purchase the premises with the January 28, 2000 easement since the easement was not set forth in schedule A. Moreover, even if the plaintiffs could obtain title insurance for the premises, they never contracted to purchase them with this encumbrance. Additionally, the plaintiffs may refuse to purchase the property because the obligation to maintain the insurance policy may cause them future litigation and CT Page 10905 expense. See Slattery v. Maykut, supra, 176 Conn. 160. Accordingly, the court holds that the contract for sale did not require the plaintiffs to purchase the premises.
The court further finds that the plaintiffs did not agree to modify the contract for sale as contended by the defendants because the proposed amendment to the contract failed to comply with the statute of frauds. "Our statute of frauds, General Statutes § 52-550, requires that every agreement or memorandum of an agreement for the sale of real property or any interest in or concerning real property be in writing and signed by the party to be charged in order for a civil action to be maintained against that party." (Internal quotation marks omitted.) LRRealty v. Connecticut National Bank, 53 Conn. App. 524, 541, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). Here, the plaintiffs did not sign the proposed amendment and it is therefore not enforceable against them.
The court grants the plaintiffs' motion for partial summary judgment because the plaintiffs are entitled to a return of their deposit pursuant to the contract for sale. The plaintiffs did not contract to purchase the premises with the easement of January 28, 2000 and therefore had the right to reject any conveyance which was subject to said easement. The contract for sale provides: "[u]pon such rejection, all sums paid on account of this Agreement, without interest, but together with reasonable expenses actually incurred by the Buyer . . . shall be repaid to the Buyer." Therefore, the court grants the plaintiffs' motion for partial summary judgment on counts one and two and the defendants' counterclaim and denies the defendants' motion for summary judgment on their counterclaim.
So Ordered.
D'ANDREA, J.